COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


THOMAS E. HUGHES

v.          Record No. 0849-95-3          MEMORANDUM OPINION[*]
                                                    PER CURIAM
HUGHES MAINTENANCE & REMODELING          OCTOBER 10, 1995
AND
FIDELITY & CASUALTY INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Donald E. Earls, on brief), for appellant.

            (John P. Grove; Woods, Rogers & Hazlegrove,
            on brief), for appellees.


        Thomas E. Hughes (claimant) contends that the Workers'

Compensation Commission (commission) erred in (1) finding that he

failed to prove that his back condition was caused by an injury

by accident arising out of and in the course of his employment on

July 16, 1992; and (2) failing to consider the January 17, 1995

letter of E. Briggs Allen, Jr., a chiropractor, as

after-discovered evidence. Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit. Accordingly, we summarily affirm the commission's

decision. Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below. R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In

--------------------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

order to carry his burden of proving an 'injury by accident,' a claimant must prove the <u>cause</u> of his injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious and sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence was sufficient to sustain this burden of proof, the commission's finding is binding and conclusive upon us. <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant testified that on July 16, 1992, he felt a sharp pain in his back as he stepped from a roof onto the ground while in the course of his employment. On July 19, 1992, claimant was examined by Dr. Allen, who recorded a history of "lifting at work and noticed some immediate low back pain." Dr. Allen diagnosed lumbar disc syndrome. Subsequently, Dr. Allen referred claimant to Dr. Ken W. Smith, a neurosurgeon. On January 18, 1993, claimant reported to Dr. Smith that on July 14, 1992, he had stepped from the edge of a roof to the ground and sustained a mild twisting injury to his lower back. Dr. Smith diagnosed cervical spondylosis/stenosis at C5-C6 and C6-C7 and an annular bulge at L5-S1. There is no evidence in the medical records providing a causal connection between the July 16, 1992 incident described by claimant at the hearing and his back condition. Dr. Allen did not have a history consistent with claimant's testimony, and Dr. Smith did not express any opinion concerning

causation.

In denying claimant's application, the commission found that the evidence did not prove that claimant's back condition was caused by the July 16, 1992 incident he testified to at the hearing. Based upon the inconsistent histories given by claimant to his physicians and the lack of any medical opinion providing a causal link between the July 16, 1992 incident described by claimant at the hearing and his back condition, we cannot say as a matter of law that claimant's evidence was sufficient to meet his burden of proof.

Claimant's argument that the commission erred in failing to consider Dr. Allen's January 17, 1995 letter as after-discovered evidence is without merit. It is apparent from the record that Dr. Allen's January 17, 1995 letter could have been obtained by claimant through the exercise of due diligence prior to the hearing, or at the very least, a request could have been made to leave the record open for its admission. Accordingly, the commission did not err in failing to consider such evidence. See Mize v. Rocky Mount Ready Mix, Inc., 11 Va. App. 601, 614, 401 S.E.2d 200, 207 (1991).

For the reasons stated, we affirm the commission's decision.

Affirmed.